In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by JOHN F. GOEBBER, Claimant. H. BUSCH & Co., INC., Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— This is an appeal by H. Busch & Co., Inc., from a decision of the Unemployment Insurance Appeal Board, which affirmed a decision of a referee, which decision held that the claimant John F. Goebber was appellant's employee and that appellant was liable for unemployment insurance taxes. The sole issue of this appeal is whether there is sufficient evidence in the record to sustain the finding of the Board that the claimant and other salesmen working under the same circumstances were, in fact, employees of appellant, or whether they were independent contractors as a matter of law. Appellant corporation is engaged in the business of selling coffee, tea, spices, and similar products to jobbers. Claimant had been connected with the corporation in the capacity of a salesman for upwards of ten years. He had

operated under an oral agreement; but on January 1, 1937, he entered into a written contract, the terms of which clearly indicate that claimant was appellant's employee. The written instrument may be construed only as a contract between employer and employee. It outlines the course of conduct of the employee, refers to " rules laid down or to be laid down by the company from time to time," provides for the fixing of selling prices by the corporation, the reports of orders to be submitted each day, and also provides for the collection of bills, the observance of credit rules and practice used by the corporation and for the termination of the employment. While it seemingly is unnecessary to go beyond the terms of this written instrument, additional factors will be found in the record which clearly show an employer and employee relationship. Claimant sold only merchandise of the corporation and engaged in no other business whatsoever. He worked on a commission basis, was furnished with samples and business cards bearing appellant's name, and with cost sheets showing prices at which the corporation's products were to be sold. He made collections for the appellant and reported to the general office weekly and turned in his orders sometimes as often as three times a week. In soliciting orders he held himself out to the trade as representing the appellant, and when he sold on credit, such credit was passed upon by appellant. He also took part in selling contests conducted by the appellant in which prizes were awarded to the salesmen who sold a certain amount of merchandise. Appellant obtained an indemnity bond whereby the liability insurance company agreed to indemnify the employer for direct loss of money or other personal property belonging to it or for which the said employer is legally liable, involving the dishonesty of any employee named in the schedule occurring " prior to the termination of said employee's contract of hire with the employer." This claimant is specifically named as one of the persons covered by the bond. The testimony given by claimant is corroborated by an employee similarly situated. There is ample evidence to sustain the finding of the Appeal Board, and the decision should be affirmed. Decision of the Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.